# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
DISTRICT OF VERMONT
FEDERAL BUILDING
**BURLINGTON, VERMONT 05402-0945**

**JEFFREY S. EATON**
CLERK

☒ P.O. BOX 945
BURLINGTON 05402-0945
(802) 951-6301
☐ P.O. BOX 998
BRATTLEBORO 05302-0998
(802) 254-0250
☐ P.O. BOX 607
RUTLAND 05702-0607
(802) 773-0245

August 29, 2011

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 30 2011 ★

BROOKLYN OFFICE

Robert C. Heinemann, Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *USA v. Balandra, Henry M.*
*Our Docket No: 2:02-cr-34-1*
*Your Docket No. 11-cr-568*

Dear Clerk of Court:

Enclosed are certified copies of the Indictment, Plea Agreement, Judgment, and docket entries for the above cited case which has been transferred to your district pursuant to the filed Probation Form 22 – Transfer of Jurisdiction (original enclosed).

Please acknowledge receipt on the copy of this letter provided.

Sincerely,

Jeffrey S. Eaton
Clerk of Court

BY: /s/Lisa Wright
Operations Supervisor

Copy to:
Paul J. Van de Graaf, AUSA, Burlington
David J. Williams, Esq., Burlington, VT
U.S. Probation Office, Burlington, VT

RECEIVED ABOVE MATERIALS THIS _____ DAY OF _____, 2011.

Signature: _____

Date: _____

| PROB 22 (Rev. 2/88) | TRANSFER OF JURISDICTION | DOCKET NUMBER *(Tran. Court)* 2:02-34-01 |
|---|---|---|

**CR-11 0568**

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Henry Balandra<br>Eastern District of New York | DISTRICT OF VERMONT | Burlington |

| NAME OF SENTENCING JUDGE |
|---|
| The Hon. William K. Sessions III |

| DATES OF PROBATION/SUPERVISED RELEASE. | FROM<br>January 28, 201**E** | TO<br>January 27, 2014 |
|---|---|---|

**OFFENSE**

Distribution of Cocaine, 21 U.S.C. 841(a)(1), (b)(1)(C)
Use of a Firearm in a Drug Trafficking Crime, 18 U.S.C. 924(c)(1)(A)(i)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "DISTRICT OF VERMONT"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised release named above be transferred with the records of the Court to the United States District Court for the Eastern District of New York upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Eastern District of New York

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____
*Effective Date*

_____
*United States District Judge*

A TRUE COPY
ATTEST 8/23/11
DATE.................................
ROBERT C. HEINEMANN
........................................ CLERK
BY.................................
DEPUTY CLERK

**U.S. District Court**
**District of Vermont (Burlington)**
**CRIMINAL DOCKET FOR CASE #: 2:02-cr-00034-wks All Defendants**

CERTIFIED COPY

Case title: United States of America v. Balandra
Magistrate Judge case number: 2:02-mj-00001

Date Filed: 03/28/2002
Date Terminated: 04/08/2003

Assigned to: Judge William K. Sessions III

**Defendant (1)**

| | |
|---|---|
| **Henry M Balandra**<br>*TERMINATED: 04/08/2003* | represented by **FPD**<br>Office of the Federal Public Defender<br>District of Vermont<br>126 College Street, Suite 410<br>Burlington, VT 05401<br>(802) 862-6990<br>Email: sarah_degray@fd.org<br>*TERMINATED: 04/30/2002*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br><br>**David J. Williams , Esq.**<br>Jarvis, McArthur & Williams, LLC<br>95 St. Paul Street, Suite 2E<br>P.O. Box 902<br>Burlington, VT 05402-0902<br>(802) 658-9411<br>Fax: 802-658-3551<br>Email: dwilliams@jarvismcarthur.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

**Pending Counts**

21:841(a)(1); 18:2=ND.F
NARCOTICS – SELL,
DISTRIBUTE, OR DISPENSE –
possession of cocaine w/intent to
distribute
(2)

18:924(c)(1)(A); 21:841(a); 18:2.F
CRIME/DRUGS/MACHINE GUN –
VIOLENT
possessed firearms in furtherance of
drug trafficking
(3)

**Disposition**

Imprisonment for a term of 45 months on Ct.2 and 60 months on Ct.3 consecutive for a total term of 105 months; to be served concurrent to undischarged state sentence; to be followed by 3 years S/R with conditions including; no firearms/weapons; participation in a substance abuse program with testing, costs &no alcohol.

Imprisonment for a term of 45 months on Ct.2 and 60 months on Ct.3 consecutive for a total term of 105 months; to be served concurrent to undischarged state sentence; to be followed by 3 years S/R with conditions including; no firearms/weapons; participation in a substance abuse program with testing, costs &no alcohol.

**Highest Offense Level (Opening)**
Felony

| Terminated Counts | Disposition |
| --- | --- |
| 21:841(a)(1), (b)(1)(B); 18:2=ND.F NARCOTICS – SELL, DISTRIBUTE, OR DISPENSE – Possession cocaine base w/intent distribute (1) | Dismissed upon motion by govt. |
| 18:922(g)(9).F UNLAWFUL TRANSPORT OF FIREARMS, ETC. – felon in possession (4) | Dismissed upon motion by govt. |

**Highest Offense Level (Terminated)**
Felony

| Complaints | Disposition |
| --- | --- |
| None | |

**Plaintiff**

| | | |
| --- | --- | --- |
| United States of America | represented by | Carol L. Shea |

United States Attorney's Office
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Fax: (802) 951-6540
Email: carol.shea@usdoj.gov
*TERMINATED: 10/17/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas D. Anderson, Esq.**
Office of the United States Attorney
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Email: thomas.anderson@usdoj.gov
*TERMINATED: 08/26/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J. Van de Graaf, AUSA**
United States Attorney's Office
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Email: paul.van.de.graaf@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/16/2002 | | ARREST WARRANT ISSUED for Henry M Balandra by Magistrate Judge Jerome J. Niedermeier. [ 2:02—m—1 ] (jjj) (Entered: 01/17/2002) |
| 01/17/2002 | 1 | COMPLAINT against Henry M Balandra by USA Carol L. Shea. [ 2:02—m—1 ] (jjj) (Entered: 01/17/2002) |

| | | |
|---|---|---|
| 03/28/2002 | | RECORD OF GRAND JURORS CONCURRING (law) (Entered: 03/28/2002) |
| 03/28/2002 | 2 | INDICTMENT by USA Counts filed against Henry M Balandra (1) count(s) 1, 2, 3, 4; Cy to USAO, USPO (law) (Entered: 03/28/2002) |
| 03/28/2002 | | File sent to Burlington as to defendant Henry M Balandra (law) (Entered: 03/28/2002) |
| 04/08/2002 | 3 | NOTICE OF HEARING ; arraignment set for 11:00 4/30/02 for Henry M Balandra Cy to affected parties, USPO (jjj) (Entered: 04/08/2002) |
| 04/15/2002 | | WRIT OF HABEAS CORPUS AD PROSEQUENDUM ISSUED to USM as to Henry M Balandra (pjd) (Entered: 04/15/2002) |
| 04/26/2002 | 4 | ORDER OF APPOINTMENT as to Henry M Balandra Attorney FPD (jjj) (Entered: 04/29/2002) |
| 04/29/2002 | 5 | MOTION for detention by USA as to Henry M Balandra (pjd) (Entered: 04/29/2002) |
| 04/30/2002 | 6 | MOTION to dismiss complaint without prejudice by USA as to Henry M Balandra (pjd) (Entered: 04/30/2002) |
| 04/30/2002 | | MINUTES: before Magistrate Judge Jerome J. Niedermeier (Ct Rptr: taped) initial appearance of Henry M Balandra Attorney Barbara O'Connor, APFD present; Carol Shea, AUSA present for Govt. Arraignment held on 4/30/02 , dft Henry M Balandra arraigned; not guilty plea entered. Govt moves for detention; no opposition by deft. ORDERED: Deft to be detained pending trial. (jjj) (Entered: 04/30/2002) |
| 04/30/2002 | 7 | CJA FORM 23 (Financial Affidavit) as to Henry M Balandra (jjj) (Entered: 04/30/2002) |
| 04/30/2002 | | CJA Form 20 (Appointment of Counsel) as to Henry M Balandra Attorney David J. Williams attorney FPD for Henry M Balandra (law) (Entered: 07/23/2002) |
| 05/01/2002 | 8 | CRIMINAL PRETRIAL ORDER setting Motion Filing deadline for 5/24/02 , Jury Draw set for 6/11/02 ( Magistrate Judge Jerome J. Niedermeier ) (cc: all counsel) (law) (Entered: 05/01/2002) |
| 05/01/2002 | 9 | DETENTION ORDER by Magistrate Judge Jerome J. Niedermeier as to Henry M Balandra cc: all counsel, USPO, USM (law) (Entered: 05/01/2002) |
| 05/07/2002 | | ENDORSED ORDER granting [6-1] motion to dismiss complaint without prejudice ( Judge William K. Sessions III )Cy to parties (See referenced doc. for image) (jjd) (Entered: 05/07/2002) |
| 05/08/2002 | 10 | ARREST WARRANT RETURNED EXECUTED as to defendant Henry M Balandra ; defendant arrested on 4/30/02 (law) (Entered: 05/09/2002) |
| 05/21/2002 | 11 | MOTION to continue motions deadline by Henry M Balandra (pjd) (Entered: 05/21/2002) |
| 05/23/2002 | 12 | ORDER by Judge William K. Sessions III granting [11-1] motion to continue motions deadline ; pretrial motions due 7/24/02 for Henry M Balandra jury draw cancelled on 5/23/02 , excludable XT , time excluded from 5/24/02 to 7/24/02 (cc: all counsel) (pjd) (Entered: 05/23/2002) |
| 07/10/2002 | 13 | MOTION to continue motions deadline by Henry M Balandra (pjd) (Entered: 07/10/2002) |
| 07/22/2002 | 14 | ORDER by Chief Judge William K. Sessions III granting [13-1] motion to continue motions deadline ; pretrial motions due 8/24/02 for Henry M Balandra , excludable XT , time excluded from 7/24/02 to 8/24/02 (cc: all counsel) (pjd) (Entered: 07/22/2002) |
| 08/23/2002 | 15 | MOTION to continue motions deadline by Henry M Balandra (pjd) (Entered: 08/23/2002) |

| | | |
|---|---|---|
| 08/28/2002 | 16 | NOTICE OF HEARING ; jury draw as the No.4 criminal case set for 1:00 10/8/02 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 08/28/2002) |
| 08/28/2002 | 17 | ORDER by Chief Judge William K. Sessions III granting [15–1] motion to continue motions deadline ; pretrial motions due 9/6/02, jury draw cancelled on 8/28/02, excludable XT , time excluded from 8/24/02 to 9/6/02 (cc: all counsel) (pjd) Modified on 08/28/2002 (Entered: 08/28/2002) |
| 08/29/2002 | 18 | AMENDED ORDER jury draw set for 1:00 10/8/02 as No. 4 case for Henry M Balandra voir dire etc due by 10/1/02 change of plea by 10/4/02 Cy to affected parties (pjd) (Entered: 08/29/2002) |
| 09/25/2002 | 19 | UNOPPOSED MOTION to Continue Jury Draw by USA as to Henry M Balandra (law) (Entered: 09/25/2002) |
| 09/27/2002 | 20 | ORDER jury draw set for 1:00 11/6/02 for Henry M Balandra as No. 5 case voir dire etc due by 10/30/02 change of plea by 11/1/02 Cy to affected parties (pjd) (Entered: 09/27/2002) |
| 09/27/2002 | 21 | ORDER by Chief Judge William K. Sessions III granting [19–1] motion to Continue Jury Draw ; jury draw set for 1:00 11/6/02 for Henry M Balandra as No. 5 case , excludable XT , time excluded from 9/24/02 to 11/6/02 (cc: all counsel) (pjd) (Entered: 09/27/2002) |
| 09/30/2002 | 22 | REVISED NOTICE OF HEARING ; jury draw set for 1:00 11/6/02 for Henry M Balandra as the No.5 criminal case. Cy to affected parties, USPO (jam) (Entered: 09/30/2002) |
| 10/10/2002 | 23 | REVISED NOTICE OF HEARING ; jury draw set for 9:30 11/6/02 as the No.5 criminal case for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 10/10/2002) |
| 10/16/2002 | 24 | NOTICE OF HEARING ; pretrial conference and/or change of plea set for 10:30 10/31/02 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 10/17/2002) |
| 10/31/2002 | 25 | PLEA AGREEMENT as to Henry M Balandra (jam) (Entered: 10/31/2002) |
| 10/31/2002 | | MINUTES: before Chief Judge William K. Sessions III (Ct Rptr: Nichols) change of plea hearing held as to dff Balandra; pretrial conference cancelled on 10/31/02. Dff present with counsel David Williams; Thomas Anderson present for govt. Clerk swears dff &Court makes inquiries. Court informs dff of maximum penalties. Guilty plea entered by Henry M Balandra to count(s) 2Court informs dff of rights being waived and plea agreement reviewed. Statement of facts by govt. Court makes findings; accepts guilty plea, acceptance of plea agreement deferred; PSR to be completed by USPO. Jury draw set for 11/6/02 cancelled on 10/31/02 , sentencing hearing set for 2:30 1/27/03 for Henry M Balandra. Dft remains detained pending sentencing. (jam) (Entered: 10/31/2002) |
| 10/31/2002 | 26 | NOTICE OF HEARING ; sentencing hearing set for 2:30 1/27/03 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 10/31/2002) |
| 11/01/2002 | 27 | PROCEDURAL AND SCHEDULING ORDER by Chief Judge William K. Sessions III sentencing set for 2:30 1/27/03 for Henry M Balandra Cy to affected parties (pjd) (Entered: 11/01/2002) |
| 12/04/2002 | 28 | EX PARTE MOTION SEALED by USA as to Henry M Balandra (law) (Entered: 12/04/2002) |
| 12/05/2002 | 29 | ORDER by Chief Judge William K. Sessions III granting [28–1] motion SEALED (cc: movant only) (law) (Entered: 12/05/2002) |
| 01/17/2003 | 30 | REVISED NOTICE OF HEARING ; sentencing hearing set for 2:30 3/5/03 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 01/17/2003) |
| 01/17/2003 | 31 | AMENDED PROCEDURAL ORDER ORDER by Chief Judge William K. Sessions III sentencing set for 2:30 3/5/03 for Henry M Balandra (Cy to affected parties, USPO) (law) (Entered: 01/17/2003) |

| Date | # | Description |
|---|---|---|
| 01/29/2003 | 32 | TRANSCRIPT of Change of Plea held 10/31/02 as to dft Henry M Balandra (law) (Entered: 01/30/2003) |
| 02/26/2003 | 33 | MOTION to Continue Sentencing Hearing by Henry M Balandra (law) (Entered: 02/26/2003) |
| 02/28/2003 |  | ENDORSED ORDER granting [33-1] motion to Continue Sentencing Hearing ( Chief Judge William K. Sessions III )Cy to parties (See referenced doc. for image) (jse) (Entered: 02/28/2003) |
| 02/28/2003 | 34 | 2ND REVISED NOTICE OF HEARING ; sentencing hearing set for 2:30 4/8/03 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 02/28/2003) |
| 03/03/2003 | 35 | AMENDED PROCEDURAL AND SCHEDULING ORDER by Chief Judge William K. Sessions III sentencing set for 2:30 4/8/03 for Henry M Balandra (Cy to affected parties) (law) (Entered: 03/03/2003) |
| 03/31/2003 | 36 | MOTION to Continue Sentencing Hearing by Henry M Balandra (law) (Entered: 03/31/2003) |
| 04/02/2003 | 37 | 3RD REVISED NOTICE OF HEARING ; sentencing hearing set for 10:30 4/7/03 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 04/03/2003) |
| 04/02/2003 |  | ENDORSED ORDER granting [36-1] motion to Continue Sentencing Hearing ( Chief Judge William K. Sessions III )Cy to parties (See referenced doc. for image) (cls) (Entered: 04/03/2003) |
| 04/03/2003 | 38 | PROCEDURAL AND SCHEDULING ORDER by Chief Judge William K. Sessions III sentencing set for 10:30 4/7/03 for Henry M Balandra (Cy to affected parties) (cls) (Entered: 04/03/2003) |
| 04/07/2003 | 39 | SENTENCING MEMORANDUM as to Henry M Balandra by Henry M Balandra (jse) (Entered: 04/07/2003) |
| 04/07/2003 | 40 | MOTION to strike references to testimony of Mercedes Balandra in paragraphs 12 and 16 of PSR and the four point sentencing enhancement based on that testimony by Henry M Balandra (jse) (Entered: 04/07/2003) |
| 04/07/2003 | 41 | 4TH REVISED NOTICE OF HEARING ; sentencing hearing set for 9:30 4/8/03 for Henry M Balandra Cy to affected parties, USPO (jam) (Entered: 04/07/2003) |
| 04/07/2003 | 42 | MOTION for downward departure by USA as to Henry M Balandra (NEXT ENTRY PART OF SAME DOCUMENT) (jse) (Entered: 04/07/2003) |
| 04/07/2003 | 42 | SENTENCING MEMORANDUM as to Henry M Balandra by Henry M Balandra (PREVIOUS ENTRY PART OF SAME DOCUMENT) (jse) (Entered: 04/07/2003) |
| 04/08/2003 |  | MINUTES: before Chief Judge William K. Sessions III (Ct Rptr: Nichols) sentencing hearing held on 4/8/03 as to dft Balandra. Dft present with counsel David Williams; Thomas Anderson present for govt. Statements by counsel re: outstanding issues &downward departure. Statements by dft prior to imposition of sentence. Court makes findings; upon agreement of the parties, granting govt's [42-1] motion for downward departure, denying motion to strike references to testimony of Mercedes Balandra in paragraphs 12 and 16 of PSR and the four point sentencing enhancement based on that testimony [40-1]. SENTENCE: Henry M Balandra (1) count(s) 2, 3 . Imprisonment for a term of 45 months on Ct.2 and 60 consecutive on Ct.3 consecutive for a total term of 105 months; to be served concurrent to undischarged state sentence; to be followed by 3 years S/R with conditions including: no firearms/weapons; participation in a substance abuse program with testing, costs &no alcohol. Fines wvd; S/A of $200 due immediately. Court recds to BOP participation in 500 hour program, vocational program &educational programs as close as possible to family as possible. Dismissing counts as to Henry M Balandra (1) count(s) 1, 4 . Dismissed upon motion by govt. Dft notified of right to appeal &remanded to custody of USM. (jam) (Entered: 04/08/2003) |
| 04/08/2003 | 43 | JUDGMENT AND COMMITMENT as to Henry M Balandra terminating party Henry M Balandra , case terminated by Chief Judge William K. Sessions III (cc: all counsel, USPO &USM) (jam) (Entered: 04/09/2003) |

I hereby attest and certify on
_August 29 2011_
that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

JEFFREY S. EATON
Clerk, U.S. District Court
District of Vermont
BY: _[signature]_
Deputy Clerk

| | | |
|---|---|---|
| 12/30/2003 | 44 | **WRIT OF HABEAS CORPUS AD PROSEQUENDUM RETURNED EXECUTED** on 04/30/02 as to Henry M Balandra (law) (Entered: 12/31/2003) |
| 08/26/2011 | | Attorney substitution as to Henry M Balandra. Attorney Paul J. Van de Graaf, AUSA for United States of America added. Attorney Thomas D. Anderson, Esq terminated. (law) (Entered: 08/29/2011) |
| 08/26/2011 | 45 | PROBATION FORM 22 – Probation Jurisdiction Transferred to Eastern District of New York as to Henry M Balandra. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment and docket sheet. (Attachments: # 1 Letter to Eastern District of New York (dated 8/29/2011))(law) (Entered: 08/29/2011) |

AO 245B (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

District of Vermont

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| HENRY M. BALANDRA | Case Number: 2:02-CR-34-01 |

David Williams, Esq.
Defendant's Attorney

**THE DEFENDANT:**

- [X] pleaded guilty to count(s) 2 & 3
- [ ] pleaded nolo contendere to count(s)
   which was accepted by the court.
- [ ] was found guilty on count(s)
   after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21USC§841(a)(1);18:2 | Distribution of cocaine. | 06/13/2001 | 2 |
| 18USC§924(c)(1)(A) | Use of a firearm in a drug trafficking crime under 21:841(a). | 06/13/2001 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s)
- [X] Count(s) 1 & 4 [ ] is [X] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

April 8, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

William K. Sessions III, Chief Judge
Name and Title of Judicial Officer

August 29, 201          4-8-03
                               Date

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: January 7, 1975

Defendant's USM No.: 04996-082

Defendant's Residence Address:

Barre, Vermont

Defendant's Mailing Address:

SAME

---

JUDGMENT ENTERED ON DOCKET
DATE: 4-9-03          Deputy Clerk

I, that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.

JEFFREY S. EATON
Clerk, U.S. District Court
District of Vermont

43

CERTIFIED COPY
U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
4-8-03  12AM
by _____ DEPUTY CLERK

AO 245B    (Rev. 3/01) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

| | |
|---|---|
| DEFENDANT: | HENRY M. BALANDRA |
| CASE NUMBER: | 2:02-CR-34-01 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total
total term of: __105 months__

45 months on Count 2 and 60 months on count 3 consecutive. Concurrent to undischarged state sentence.

X   The court makes the following recommendations to the Bureau of Prisons:
that this defendant be allowed to participate in the 500 hour drug and alcohol rehabilitation program offer...
Further, that this defendant participate in vocational training and educational programs offered and that he
placed in a facility as close to residence as possible.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____ ☐ a.m. ☐ p.m. on _____.

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____.

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | |
|---|---|
| DEFENDANT: | HENRY M. BALANDRA |
| CASE NUMBER: | 2:02-CR-34-01 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3 years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 day of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | |
|---|---|
| DEFENDANT: | HENRY M. BALANDRA |
| CASE NUMBER: | 2:02-CR-34-01 |

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not possess a firearm or other dangerous weapon.

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment. The defendant shall refrain from the use alcohol and other intoxicants during and after treatment.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 5 | of | 6 |

DEFENDANT:           HENRY M. BALANDRA
CASE NUMBER:         2:02-CR-34-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be ente after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwi the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|

| **TOTALS** | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 6 — Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: | HENRY M. BALANDRA |
| CASE NUMBER: | 2:02-CR-34-01 |

Judgment — Page  6  of  6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   X   Lump sum payment of $ 200        due immediately, balance due
    □ not later than _____ , or
    □ in accordance with   □ C,   □ D,   or   □ E below; or

B   □ Payment to begin immediately (may be combined with   □ C,   □ D, or   □ E below); or

C   □ Payment in equal, weekly, monthly, quarterly installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   □ Payment in equal, weekly, monthly, quarterly installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   □ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

□ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

□ The defendant shall pay the cost of prosecution.

□ The defendant shall pay the following court cost(s):

□ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:02-CR-34 |
| | ) |
| HENRY BALANDRA | ) |
| Defendant | ) |

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, HENRY BALANDRA, agree to the following in regard to the disposition of pending criminal charges against HENRY BALANDRA.

1. HENRY BALANDRA agrees to plead guilty to Count 2 of the Indictment charging him with distribution of cocaine in violation of Title 21, United States Code, Section 841(a)(1); and Count 3 of the Indictment charging him with possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

2. HENRY BALANDRA understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: Count 2, not more than/up to 20 years of imprisonment, pursuant to Title 21, United States Code, Section 841(b)(1)(C); at least a three year period of supervised release, pursuant to 21 U.S.C. § 841(b)(1)(C); not more than a $1,000,000 fine, pursuant to Title 21, United States Code, Section 841(b)(1)(C); and a $100

1

CERTIFIED COPY

U.S. DISTRICT COURT
DISTRICT OF VERMONT
10-31-02

special assessment; Count 3, up to life imprisonment and a mandatory minimum term of

imprisonment of 5 years consecutive to any term of imprisonment imposed on the cocaine

distribution charge, pursuant to Title 18, United States Code, Section 924(c); not more than a

three year period of supervised release, pursuant to 18 U.S.C. § 3583(b); not more than a

$250,000 fine, pursuant to Title 18, United States Code, Section 3571(b); and a $100 special

assessment. Full restitution may also be ordered.

3.  It is the understanding of the parties to this agreement that the plea will be entered

under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure.  The

defendant represents that he intends to plead guilty because he is, in fact, guilty of the crime with

which he is charged.

4.  HENRY BALANDRA agrees that he will cooperate completely, candidly and

truthfully with all federal, state and local investigators by providing any and all information in his

possession relating directly or indirectly to any and all criminal activities or other matters of

which he has knowledge.  HENRY BALANDRA will provide all federal, state and local

investigators any and all documents, records, writings or tangible objects or materials of any kind

in his possession or under his care, custody or control relating directly or indirectly to any

criminal activity or related matter.  HENRY BALANDRA agrees that he will meet with

investigators and/or attorneys when requested by the United States Attorney's Office to further

this cooperation.  HENRY BALANDRA agrees he will testify under oath completely, candidly

and truthfully before any federal grand jury within the District of Vermont or elsewhere and in

any and all trials or other proceedings in the District of Vermont or elsewhere as requested by the

United States.  HENRY BALANDRA understands that this agreement requires that his

2

cooperation may continue even after the time that he has been sentenced by the Court.

5.  HENRY BALANDRA agrees to waive his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to the assistance of counsel whenever he is required to provide information to the Government pursuant to this agreement.

6.  HENRY BALANDRA agrees and understands that it is a condition of this agreement that he refrain from committing any further crimes whether federal, state or local and that, if on release, he will abide by all conditions of release. HENRY BALANDRA also understands that he is not to have any contact with any defendant or potential defendant in this case or in the case or cases in which he is cooperating without the prior authorization of the United States.

7.  HENRY BALANDRA agrees and understands that this agreement is conditioned upon his providing the United States Attorney, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $100 for which he will be responsible when sentenced. The United States agrees to safeguard and pay the special assessment imposed at sentencing to the Clerk of the Court immediately after sentencing. In the event that this plea agreement is for any reason terminated or the defendant's guilty plea is not accepted by the Court, the special assessment shall be promptly refunded to HENRY BALANDRA. In the event that the tendered bank check is not honored for whatever reason, the defendant understands that he will still be liable for the amount of the special assessment which the Court imposes. HENRY BALANDRA understands and agrees that, if he fails to pay the special assessment in full prior to sentencing, the United States' obligations under this plea agreement will be terminated, the United States will have the right to prosecute HENRY BALANDRA for any other offenses he

3

may have committed, and will have the right to recommend the Court impose any lawful

sentence. Under such circumstances, HENRY BALANDRA will have no right to withdraw his

plea of guilty.

8.   The United States agrees that in the event that HENRY BALANDRA fully and

completely abides by all conditions of this agreement, the United States will:

(a)   move to dismiss the remaining Counts of the Indictment at the time of sentencing;

(b)   not prosecute him in the District of Vermont for any other criminal offenses

known to the United States Attorney's Office as of the date of the signing of this

plea agreement committed by him in the District of Vermont relative to cocaine

distribution;

(c)   make the nature and extent of his cooperation known to the Court;

(d)   subject to the provisions of paragraph 10 herein, make a motion to allow the Court

to depart from the Sentencing Guidelines pursuant to Guideline § 5K1.1 if the

United States, in its sole discretion, determines that his cooperation has been

sufficiently extraordinary to rise to the level of substantial assistance;

(e)   recommend to the sentencing Court that he be sentenced to a term of

imprisonment at the low end of the Sentencing Guidelines range applied by the

Court in imposing the sentence; and

(f)   recommend that he receive credit for acceptance of responsibility under Guideline

Section 3E1.1, provided that he cooperates truthfully and completely with the

Probation Office during the presentence investigation and abides by the conditions

of his release and further provided that no new information comes to the attention

4

of the United States Attorney's Office relative to the issue of his receiving credit for acceptance of responsibility.

(g)     Not oppose credit for time served in state custody from the date of arraignment on the charges in the indictment until the time of sentencing.

9.   If the United States determines, in its sole discretion, that the defendant has committed any offense after the date of this agreement, or violated any condition of release, or has failed to cooperate fully with the Probation Office, or has provided any intentionally false, incomplete or misleading information to Probation, the United States' obligations under paragraph 8 of this agreement will be void and the United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute the defendant for any other offenses he may have committed in the District of Vermont. The defendant understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

10.   In the event that the United States moves the Court pursuant to Section 5K1.1 of the Sentencing Guidelines to depart from the Guidelines range, the United States and HENRY BALANDRA further agree, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), that there should be a two level reduction in the final offense level based on his cooperation.

11.   HENRY BALANDRA fully understands that the sentence to be imposed on him is within the sole discretion of the Court. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C). The United States does not make any promises or representations as to

5

9

what sentence HENRY BALANDRA will receive. The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relative to sentencing or the positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement). The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty previously entered and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

12. Further HENRY BALANDRA fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. Thus, the defendant expressly acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

13. HENRY BALANDRA agrees and fully understands that in the event that the United States determines that he has failed to comply with any provision of this agreement; made any false statement to investigators or attorneys of the United States or willfully failed to disclose information pursuant to paragraph 4 of this agreement; made any false statements or committed any perjury before a grand jury, before any trial court, or at any other proceeding; had any unauthorized contact with any potential defendants in this case or in cases in which he is a potential witness pursuant to this agreement; or since the date of this agreement, committed any state, local or federal offense or has failed to disclose any crimes he has committed; the United States will have the right to: (1) terminate this agreement and prosecute him for any and all

offenses, including false statements and perjury, with which he could properly be charged (including reinstatement of any charges dismissed pursuant to this agreement), or (2) terminate only its obligations under this agreement while retaining the defendant's guilty plea.

Furthermore, HENRY BALANDRA fully understands that should he fail to fully comply with any provision of this agreement, the United States will have the right to use the agreement itself against him at any trial, hearing or sentencing. He also understands that the Government may use any sworn or unsworn statements given by him and any information, materials, documents or objects provided by him to the United States pursuant to this agreement, including self-incriminating information referred to in paragraph 4 of this agreement, against him. The defendant waives his right to challenge the admissibility of this agreement and the information provided pursuant to this agreement into evidence under Federal Rule of Criminal Procedure 11 or any other provision of law.

14.  HENRY BALANDRA understands and agrees that the determination of whether he has abided by all the conditions of this agreement and the determination of whether he has cooperated fully and completely (and the determination of whether he has provided substantial assistance to the Government) are questions within the sole discretion of the United States. The decisions of the United States with regard to these questions will be binding on the defendant and will not be subject to challenge in court or otherwise.

15.  It is further understood and agreed by the parties that should the defendant's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and the defendant may be prosecuted for any and all offenses otherwise permissible.  If the plea is withdrawn or vacated on motion of the

7

8

defendant, the defendant herein expressly agrees that the entire period of time that elapses between the signing of this agreement and the withdrawal or vacatur of the plea shall be disregarded in calculating whether the prosecution of any previously-dismissed charges is timely under the applicable statute of limitations. The defendant also expressly agrees to waive any defense to the reprosecution of charges that he might have under the Speedy Trial Act, the speedy trial guarantees of the Constitution, or any other constitutional or statutory provision.

16. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

17. Nothing in this agreement shall be construed as limiting the right of either party to move for an upward or downward departure from the otherwise applicable Guidelines sentencing range.

18. HENRY BALANDRA is aware that his guilty plea may result in the loss of certain government benefits, including housing subsidies, food stamps, and some Social Security benefits, pursuant to federal law, including 21 U.S.C. § 862 and § 862(a).

19. In voluntarily pleading guilty to the charges in the Indictment, HENRY BALANDRA acknowledges that he understands the nature of the charges to which the plea is offered. He also acknowledges that he has the right to plead not guilty or to persist in a plea of not guilty; that he has the right to be tried by a jury and at that trial a right to the assistance of counsel; that he has the right to confront and cross-examine adverse witnesses; that he has the right against compelled self-incrimination; that if a plea of guilty is accepted by the Court, there will be no further trial of any kind, so that by pleading guilty he waives the right to a trial and the other rights enumerated

6

here.

20. HENRY BALANDRA expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, David Watts, Esq. HENRY BALANDRA further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, HENRY BALANDRA expressly states that he is fully satisfied with the representation provided to him by his attorney, David Watts, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

21. No agreements have been made by the parties or their counsel other than those contained herein.

22. It is agreed that a copy of this agreement shall be filed with the Court before the time of the defendant's change of plea.

Dated at Burlington, in the District of Vermont, this ___31___ day of October 2002.

UNITED STATES OF AMERICA

PETER W. HALL
United States Attorney

By: _____
THOMAS D. ANDERSON
Assistant U.S. Attorney

_____                                    _____
HENRY BALANDRA                                                DATE
DEFENDANT

I have read, fully reviewed and explained this agreement to my client, HENRY BALANDRA, and I hereby approve of it.

_____                                    10/31/02
David Williams, Esq.                                          DATE
Counsel for the Defendant

I hereby attest and certify on
___August 29, 2011___         that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.
JEFFREY S. EATON
Clerk, U.S. District Court
District of Vermont

By: _____
                        Deputy Clerk

10

2.

CERTIFIED COPY

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
MAR 28 4 11 PM '02
CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:02-CR-34
)
HENRY BALANDRA )
)

**INDICTMENT**

**COUNT 1**

The Grand Jury Charges:

On or about June 13, 2001, within the District of Vermont, the Defendant, **HENRY BALANDRA,** did knowingly and intentionally possess with the intent to distribute a quantity of cocaine base, a Schedule II controlled substance.

The Grand Jury further charges that the conspiracy involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base.

**(21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. § 2)**

## COUNT 2

The Grand Jury further charges:

On or about June 13, 2001, within the District of Vermont, the Defendant, **HENRY BALANDRA**, did knowingly and intentionally possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance.

**(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)**

2

## COUNT 3

The Grand Jury further charges:

On or about June 13, 2001, within the District of Vermont, the Defendant, HENRY

BALANDRA, did knowingly possess firearms, to wit: a semiautomatic model "C" 9 mm pistol,

manufactured by Hipoint, serial number P035445; and a semiautomatic model JS40 .40 caliber

pistol, manufactured by Hipoint, serial number 109509, in furtherance of a drug trafficking

crime, i.e., knowing and intentional possession of cocaine and cocaine base, Schedule II

controlled substances, with the intent to distribute.

(18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(a); 18 U.S.C. § 2)

3

## COUNT 4

The Grand Jury further charges:

In and around June 13, 2001, in the District of Vermont, HENRY BALANDRA, the

Defendant, having been previously convicted in a court of a crime of domestic assault, to wit,

Domestic Assault, Misdemeanor, in Vermont District Court in Washington Circuit, on January

31, 2001, knowingly and intentionally possessed, in or affecting commerce, firearms, to wit:

(1) a semiautomatic model "C" 9 mm pistol, manufactured by Hipoint, serial number

P035445; and

(2) a semiautomatic model JS40 .40 caliber pistol, manufactured by Hipoint, serial

number 109509.

(18 U.S.C. § 922(g)(9))

A TRUE BILL

FOREPERSON

PETER W. HALL
United States Attorney
Burlington, Vermont
March 28, 2002

CLS

I hereby attest and certify on
August 29, 2011
the foregoing document is a full, true and correct
copy of the original on file in my office, and in
legal custody.
JEFFREY S. EATON
Clerk, U.S. District Court
District of Vermont
BY: _____ Deputy Clerk

4